FRANCISCO RIVERA ET AL., Plaintiffs and Appellants, *v.* VICTORIA SANTANA ET AL., Defendants and Appellees.

No. 10205. Argued November 6, 1950.—Decided November 30, 1950.

*Guillermo S. Pierluissi* for appellants.    *Wilson P. Colberg* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

A three year old child was killed while riding in a público. His parents, the plaintiffs, sued the defendants, the owner of the público and an insurance company, for damages. After a trial on the merits, the district court entered judgment for the defendants and the plaintiffs appealed.

The público was a 1941 five passenger Plymouth touring car. On January 19, 1947 it was travelling in the daytime from Loíza to Río Piedras. There was already a male passenger on the front seat when the child, accompanied by his aunt, grandmother and greatgrandmother, hailed the car and were seated in the rear.

There was a conflict in the evidence as to the other circumstances of the accident. The grandmother and great-grandmother testified that they were paying for the child as a passenger; that shortly thereafter the car stopped to take on another female passenger; that the chauffeur ordered the child to give his seat to the new passenger and to sit on a small bench with his back to the chauffeur; that the day was clear and sunny; that when the accident occurred, the chauffeur was driving the car at a high speed on a narrow and curving road; that when another car travelling in the opposite direction approached them, the chauffeur was compelled because of the narrowness of the road to swerve sharply,

causing the back door to open and throwing the child out of the car into the road and killing him; that while they were taking the child to the hospital, the chauffeur told the witnesses the door was in bad condition.

On the other hand, the testimony of the chauffeur and the other two passengers, who were apparently disinterested witnesses, was that the ladies did not pay for the child; that there was no bench in the car; that the chauffeur directed the grandmother to put the child in her lap when the female passenger boarded the car; that the road is wide, has no curves at the scene of the accident, and the chauffeur was driving at a moderate speed; that the grandmother seated the child in her lap, but the child was restless and got out of her lap, standing near the right rear door; that the chauffeur called this to the attention of the grandmother who put the child on her lap again; that the child once more got off her lap, played with the handle of the right rear door, opened it, lost his balance and fell out of the car into the road; that it was raining and the windows of the car were closed; that the child repeatedly asked his grandmother to open the door so that he could see; that the car did not pass another car or swerve at the time of the accident; that the child's relatives were talking among themselves when the accident occurred. The chauffeur denied he had told the grandmother the door was in bad condition. On the contrary, he testified that the grandmother told him on the way to the hospital that the accident was not his fault  A mechanic testified he had examined the door immediately after the accident at the direction of the justice of the peace and found it in excellent condition.

The lower court resolved the conflict in the evidence in favor of the defendants and entered findings of fact pursuant thereto. In its conclusions of law the lower court held that the accident occurred because of the negligence of the minor and the lack of due care of his relatives. It also held that there had been no negligence on the part of the chauffeur.

On appeal, the first assignment is that the lower court

erred in finding the child guilty of contributory negligence in view of his tender age.   In support of their position, the appellants cite 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. ed., § 1521, p. 559; 2 Restatement, Torts, § 283, p. 743, § 284, p. 745; *Rivera* v. *Sucrs. of López Villamil & Co.,* 29 P.R.R. 257; *Hernández* v. *Acosta,* 64 P.R.R. 166; *Figueroa* v. *Picó,* 69 P.R.R. 372; *Vega* v. *American R. R. Co. of P. R.,* 57 P.R.R. 365.

There are two defects in this argument.   First, the doctrine of contributory negligence comes into play only when the accident is caused by the combined negligence of the parties.   Confusion occasionally arises in discussing contributory negligence precisely because negligence of the defendant and contributory negligence of the plaintiff are mistakenly treated as though they are mutually exclusive, with one or the other as the sole cause of the accident.   But this doctrine applies only if negligence of the defendant and contributory negligence of the plaintiff both exist and, operating together, cause the accident.   Indeed, the very language of the doctrine makes it clear: the plaintiff only "contributes" with his negligence to the existing negligence of the defendant to cause the accident.   2 Restatement, Torts, § 463, p. 1227; Prosser on Torts, p. 393; 2 Blashfield, *supra,* § 1391, p. 443; *Christman* v. *Reichholdt,* 150 S. W. 2d 527 (Mo., 1941).

■   In view of the foregoing, we never reach the question of the child's contributory negligence, since the condition precedent of negligence on the part of the defendant is lacking.   *Cf.* 4 Blashfield, *supra,* § 2203, pp. 228–9.   If the accident occurred, as the lower court found, for causes other than negligence of the defendant, it is unnecessary to determine if the alleged contributory negligence on the part of the child would defeat recovery which would otherwise be had provided the defendant had been negligent.

■   Second, the lower court found that the grandmother, to whom the plaintiff parents had entrusted the child, had been negligent in not watching the child and in permitting

it to play with the handle of the door in spite of the warnings of the chauffeur, until he succeeded in opening the door and falling out. Under these circumstances, even assuming the chauffeur had been negligent, the negligence of the grandmother contributed to the cause of the accident and is imputed to the parents in a suit by the latter for damages for the death of the child. Annotation, 2 A.L.R. 2d 785; Prosser on Torts, pp. 422–24; 2 Blashfield, *supra*, § 1551, p. 589.

■ Under this assignment, the appellants also argue that the defendants were liable because the chauffeur had the last clear chance to avoid the accident. The plaintiffs rely for this contention on the testimony of the chauffeur on cross-examination that he could see the child in his mirror and had asked the grandmother twice to put the child back on her lap when he got off her lap and stood up in the car. However, the chauffeur testified on direct examination that he did not actually see or hear the child playing with the door on the occasion on which he opened it and fell out of the car. On the contrary, he discovered what had happened only when a passenger told him, whereupon he stopped the car. The doctrine of last clear chance cannot be stretched so as to require the chauffeur, whose primary duty was to drive carefully, to watch constantly in the mirror for the child's movements while his relatives, who were entrusted with his care, chatted and ignored him. We see no basis under the circumstances for invoking the doctrine of last clear chance. *Cf. Figueroa* v. *Picó, supra; Heirs of Ortiz* v. *Ramírez*, 68 P.R.R. 462.

The other errors assigned do not require extended discussion. The second assignment is that the lower court (*a*) erred in weighing the evidence and (*b*) acted with partiality. There is nothing in the record to support either of these contentions.

The third assignment is that the lower court erred (1) in not finding that the negligence of the chauffeur was the proximate cause of the accident, (2) in finding that the relatives

accompanying the child were negligent although there was no allegation to that effect in the answer, (3) in not finding that the chauffeur had the last clear chance to avoid the accident. The first and third contentions have already been covered and the second does not warrant discussion.

The judgment of the district court will be affirmed.